## Case No. 11,028.

PETERS et al. v. BOWMAN et al.[1]

District Court, N. D. Mississippi.   June, 1874.

ADMINISTRATORS C. T. A.—POWER TO SELL LANDS
—EQUITY—CROSS BILL.

[1. Where land is directed by will to be sold and the executor appointed to execute the trust fails to qualify, the sale may be made, under the Mississippi statute (Code 1871, § 1194), by the administrator with the will annexed, and a good title conveyed.]

[2. One who purchases land with knowledge that the title is defective, relying upon his vendor's warranty and promise to have the defect cured, cannot, when suit is brought to enforce a vendor's lien in favor of his vendor's grantor, maintain a cross-bill, setting up the defect in his vendor's title and praying a rescission of the sale under which his vendor acquired the land.]

[This was a bill in equity by W. Y. Elliott, administrator with the will annexed of Jonathan Bostick, and D. W. Bowman, against J. R. Chalmers and wife, George B. Peters and others, to enforce a vendor's lien upon real estate. The defendants Chalmers and wife and Peters filed a cross bill, praying rescission of contract of sale, and for the declaration of a lien in their favor on account of certain money paid by them, and for improvements made by them. Complainants demurred to the cross-bill and a hearing has been had thereon.]

H. T. Ellett, for complainants.

H. Craft and Lamar & Mays, for defendants.

HILL, District Judge. The questions now presented arise from the complainants' demurrer to the cross-bill, filed by J. R. Chalmers and wife, and George B. Peters, a portion of the defendants, to the original bill. The cross-bill contains the following allegations: Jonathan Bostick and D. W. Bowman were the joint owners of the lands described in the pleadings. Bostick made and published his last will and testament, which has been proven and admitted of record, in which he nominated and appointed said Elliott as executor of his will, so far as the same related to his estate and business to be transacted in the state of Tennessee, and A. B. Guinn as executor of his estate in Mississippi. The testator had his residence in Mississippi, but died in Tennessee. The will, among other things, provided that the lands mentioned, and other joint property, consisting of stock, &c., belonging to testator and Bowman, should remain on the place, and be managed by Bowman and Guinn, the executor, until Bowman should desire a sale, when Guinn should unite with Bowman in making a sale and conveyance. That, on the 25th Jan., 1869, Bowman and W. Y. Elliott, the Tennessee executor, did make a sale and conveyance of the land to defendants, Jaquess Brothers,

---

[1] [Not previously reported.]

receiving therefor $4,000 cash, and the notes of the vendees for $24,000, in equal annual payments, with six per cent. interest from date, the one first falling due having been paid; and that on the 26th Jan., 1870, Jaquess Brothers sold the land to George B. Peters, for the sum of $11,925 cash, and an agreement upon the part of Peters to pay the three outstanding notes so given by Jaquess Brothers to Elliott and Bowman, which assumption upon the part of Peters it is alleged was not in writing, and therefore void. Chalmers and wife were put in possession of the land, under an agreement with Peters to occupy and cultivate it, and to pay off the balance due and so assumed, and then to have one-half the land. When the sale was made by Elliott and Bowman to Jaquess, a deed of conveyance, with warranty of title, was enacted, retaining in the deed a lien for the payment of the purchase money. When the sale was made by Jaquess Brothers to Peters, a deed of conveyance with warranty of title was made by them to and accepted by Peters, who knew the true condition of the title, and defects, if any, and relied upon the warranty and the promise of the vendors that the necessary proceedings would be had to perfect the title. The cross-bill alleges that Elliott, being the executor of the estate in Tennessee only, had no power to sell and convey the interest of Bostick in the lands; that the Jaquesses have become insolvent; that Chalmers and wife have made large and valuable improvements upon the land, greatly exceeding the rents and profits, and prays that the contract be rescinded, and that the amount so paid by Peters to Jaquess Brothers, with interest, be declared a lien upon the land, together with the value of the improvements so made by Chalmers and wife. To all of which Elliott and Bowman demur, and assign for causes of demurrer: 1st. That this court has no jurisdiction of subject matter or parties to grant the relief prayed for. 2nd. That said cross-bill does not contain any matter of equity or other thing upon which this court can grant any relief against the defendants thereto or either of them. 3rd. That said cross-bill is manifestly brought merely for the purpose of delaying the trial of the original cause without disclosing any substantial merits.

The main ground relied upon for the relief prayed in the cross-bill is that Elliott had no authority under the will to make the sale and conveyance of the Bostick interest in the land. There is no charge of fraud, mistake, or other cause usually held sufficient for the rescission of contracts of sale of real or other estate. On the contrary, it is stated that Peters, or Chalmers his agent, knew of the defects complained of and relied upon the promise of the vendors, the Jaquesses, to make the title good. It is unnecessary to enquire whether or not Peters is entitled under the facts stated in the bill to a rescis-

sion of the contract, as against his vendors, the Jaquesses. Were the cross-bill filed by the Jaquesses, it is doubtful whether it could be maintained as a bill for rescission of the contract. Whilst, as already stated, a specific performance might not be decreed until any defect in the title should be supplied, Elliott, as executor in Tennessee, is not authorized to make the sale and conveyance of the lands in Mississippi, or to do any other act in relation to the estate here. But on the failure of Guinn, the executor, nominated for the estate here, to qualify and act as such, Elliott might as well as any other person obtain from the proper court here letters of administration with the will annexed, and as such, under the laws of this state, execute any of the powers under the will not intended as a special personal trust. When land is directed to be sold by will, and the executor or person appointed to execute the trust shall fail, the sale shall be made by the administrator with the will annexed, or, in other words, the administrator with the will annexed, in such case, succeeds to the powers of the executor. See Code 1857, p. 458, art. 136; Code 1871, p. 236, § 1194. Whilst it may be true that the court would refuse to decree a specific performance only upon condition of the conveyance of a perfect title, and which the vendor would have an opportunity to procure. But the original bill is not filed to enforce the contract made between Jaquess and Peters, but that between Elliott and Bowman and the Jaquesses. There is no allegation that they accepted, and rely upon the assumption made by Peters to the Jaquesses. It is a mere statement of the subsequent contract made between the Jaquesses and Peters, and that Chalmers and wife, under same agreement with Peters, are in possession of the land. Peters and Chalmers and wife are proper parties, only that they may be subject to such decree and order of the court as may be necessary to place the purchasers, should the land be sold, in possession and no farther, so far as enforcing the original contract is concerned. They are further necessary parties to enable them to protect any interest they may have received under the purchase from the Jaquesses; and as such might show any facts reducing the sum due, &c., but all of which is matter of defence to the original bill, and not properly relief under cross-bill. Whenever the direction of the will is that the lands shall be sold, the administrator with the will annexed may make the sale, has been uniformly held by the supreme court of this state. If, therefore, Elliott has properly qualified as administrator with the will annexed in this state, he had the power to make the sale and conveyance, and if the conveyance made is defective, it may be corrected by a proper deed. The will directed the sale to be made when Bowman so desired, which it is manifest he did do by

the sale made. The result is that the demurrer must be sustained and the cross-bill dismissed.

[NOTE. Subsequently the cause was submitted for final hearing upon the bill, amended bill, answer, exhibits, and proofs. It was decreed that complainants were entitled to the payment of the unpaid purchase money, with interest, and, in default of such payment by defendants, to have the land sold for that purpose. A reference was had to a master to ascertain the amount of unpaid purchase money, with interest. Case No. 11,029. An appeal was then taken to the supreme court, where it is reported under the title of Peters v. Bowman, and where the decree of this court was affirmed. 98 U. S. 56.]